UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MATTHEW J. MANN,

                      **Plaintiff,**

  vs.                                                  1:21-CV-49
                                                        (MAD/CFH)

**THE NEW YORK STATE COURT OF APPEALS;
THE STATE OF NEW YORK SUPREME COURT,
APPELLATE DIVISION, THIRD JUDICIAL
DEPARTMENT; and THE ATTORNEY
GRIEVANCE COMMITTEE OF THE SUPREME
COURT, APPELLATE DIVISION, THIRD
JUDICIAL DEPARTMENT,**

                      **Defendants.**
_____

**APPEARANCES:**                                        **OF COUNSEL:**

**CABANISS CASEY LLP**                   **DAVID B. CABANISS, ESQ.**
4 Tower Place, Suite 100
Albany, New York 12203
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK**          **JORGE A. RODRIGUEZ, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

     Plaintiff, an attorney licensed to practice law in the State of New York, commenced this action on January 15, 2021, seeking "intervention and declaratory judgment of this Court in relation to improper, illegal, and unconstitutional professional discipline imposed upon him by the

Appellate Division Third Judicial Department by Memorandum and Order dated January 18, 2018." Dkt. No. 1 at ¶ 1. Upon commencing this action, Plaintiff submitted an application pursuant to Local Rule 5.3 to seal the complaint and "all further papers in this action." Dkt. No. 2 at 1.

As set forth below, Plaintiff's motion to seal this action is denied.

## II. BACKGROUND

Plaintiff is an attorney who has been duly licensed to practice law in the State of New York since 1994. *See* Dkt. No. 1-1 at ¶¶ 7, 13. The named Defendants are the New York State Court of Appeals, the Appellate Division, Third Department, and the Attorney Grievance Committee of the Third Department. *See id.* at ¶ 8.

According to the complaint, this case "involves the improper discipline of an attorney in violation of state and federal law by the Courts of the State of New York embodied collectively as the named Defendants." *Id.* at ¶ 11. Plaintiff claims that the conduct for which he was disciplined occurred at a time when he was not acting as an attorney to any person and that he did not render legal advice or counsel to any person; rather, "it involved a conversation between friends which occurred only after Plaintiff and the other participants acknowledged in writing that it was not a conversation between individuals and their attorney." *Id.* at ¶ 12.

In the underlying attorney misconduct petition, the petitioner alleged that Plaintiff engaged in a conflict of interest and conduct prejudicial to the administration of justice in violation of Rules 1.7(a)(1) and 8.4(d) of the New York State Rules of Professional Conduct. *See In re Matthew J. Mann*, 157 A.D.3d 1160, 1161 (3d Dep't 2018). The petitioner alleged that Plaintiff improperly prepared and urged the execution of a child custody agreement purporting to settle a dispute between parents and grandparents regarding the care of the parents' minor children. *See*

*id.* All of the parties to the agreement were not only Plaintiff's friends to a greater or lesser extent, but they were also persons that Plaintiff was contemporaneously representing as clients in separate legal matters unrelated to the custody dispute. *See id.* After the grandparents commenced a proceeding in Albany Count Family Court, Plaintiff prepared the custody agreement unsolicited, without any input from the respective parties, and without giving them the opportunity to review the matter in advance of a meeting that he had arranged at his law office for the purpose of presenting the agreement. *See id.* Although Plaintiff inserted a provision into the agreement stating that he was not representing any of the parties with respect to the proposed custody arrangement, the petition of charges asserted that Plaintiff, nevertheless, explained, discussed and provided legal advice at the meeting regarding the custody agreement. *See id.* After the parties were persuaded to execute the agreement notwithstanding the father's initial objection, the dispute between the parties intensified and the grandparents, represented by separate counsel, did not settle the pending Family Court matter as provided in the agreement. *See id.*

Complaints against Plaintiff were thereafter filed by the parents, who asserted that Plaintiff pressured them into executing a one-sided agreement that adversely affected their custody rights, without an adequate explanation of the risks of signing such an agreement, or providing a reasonable opportunity to seek independent counsel. *See In re Mann*, 157 A.D.3d at 1161. Plaintiff denied the allegations and a full hearing was conducted in June 2017, at which Plaintiff was represented by counsel. *See id.* Thereafter, the referee issued a report sustaining the petition of charges and rejecting Plaintiff's claims that he acted only as a disinterested mediator and that the parties to the agreement waived or consented to any conflict of interest. *See id.* at 1161-62.

On January 18, 2018, the Appellate Division, Third Department confirmed the referee's report and determined an appropriate disciplinary sanction. *See id.* at 1162. In determining the

3

appropriate sanction, the Third Department considered Plaintiff's submissions in mitigation from colleagues and clients attesting to Plaintiff's good character and further noted the lack of proof that Plaintiff's misconduct stemmed from "any venal intent." *Id.* The Third Department also heard from the petitioner and observed that Plaintiff's "misconduct is aggravated by, among other things, his significant disciplinary history, which includes a two-year stayed suspension upon findings of conversion and escrow account mismanagement, ... which was later terminated upon [Plaintiff's] application, ... and private discipline in the form of two admonitions and a letter of caution." *Id.* Based on the facts presented, the Third Department determined that Plaintiff should be censured and that, within one year of the date of its decision, that Plaintiff must take and pass the Multistate Professional Responsibility Examination and complete six credit hours of continuing legal education in ethics and professionalism. *See id.*

Plaintiff appealed the Third Department's decision to the New York State Court of Appeals. On April 26, 2018, the Court of Appeals dismissed the appeal *sua sponte* upon the ground that no substantial constitutional question was presented. *See In re Mann*, 31 N.Y.3d 1037 (2018). Thereafter, the Court of Appeals denied Plaintiff's motion for reconsideration and his motion for reargument of his motion for leave to appeal. *See In re Mann*, 32 N.Y.3d 948 (2018); *In re Mann*, 32 N.Y.3d 1185 (2019).

In his complaint dated January 15, 2021, Plaintiff brings the following causes of action against Defendants in relation to the January 18, 2018 decision of the Third Department: (1) violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article 1, § 6 of the New York State Constitution; (2) violation of New York State Judiciary Law § 90(8); (3) declaratory judgment that Rules 1.7 and 8.4 are unconstitutionally vague as applied to Plaintiff; and (4) a declaratory judgment

4

determining that Plaintiff did not violate Rule 8.4(d).  *See* Dkt. No. 1-1 at ¶¶ 58-113.  Moreover, Plaintiff seeks the following relief: (1) an Order directing that the discipline of Plaintiff as set forth in the Memorandum and Order be struck from the record with publication revoked and/or sealed; or, alternatively, an Order compelling the New York State Court of Appeals to hear Plaintiff's appeal of the Memorandum and Order; or, in the alternative, (2) an Order certifying the questions raised herein to the Court of Appeals for determination; (3) an Order granting declaratory judgment determining that Plaintiff did not violate 22 NYCRR 1200 Rules 1.7(a)(1) and Rule 8.4(d) or any other section of law, rule, or regulation; (4) an Order awarding all costs and disbursements, including but not limited to reasonable attorney's fees, incurred by Plaintiff in defense of the underlying disciplinary proceedings and in prosecution of the within action; and (5) an Order Granting such other and further relief as this Court deems just fair and proper.

Currently before the Court is Plaintiff's motion to seal the complaint and all further submissions in this action.  *See* Dkt. No. 2.

### III. DISCUSSION

**A.     Legal Standard**

"The notion that the public should have access to the proceedings and documents of courts is integral to our system of government."  *United States v. Erie County*, 763 F.3d 235, 238-39 (2d Cir. 2014).  "Indeed, the common law right of public access to judicial documents is said to predate even the Constitution itself."  *Id.* at 239 (citation omitted).  The First Amendment to the U.S. Constitution "also protects the public's right to have access to judicial documents." *Id.* (citation omitted).  A party seeking to seal documents submitted to a court bears the burden of showing that sealing is proper.  *See DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

### *1. Common Law Right of Access*

The Second Circuit has articulated a three-step process for determining whether documents should be sealed in light of the common law right of access. "Before any such common law right can attach ... a court must first conclude that the documents at issue are indeed 'judicial documents.'" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). To constitute a judicial document, "'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Id.* (quoting *United States v. Amodeo (Amodeo I)*, 44 F.3d 141, 145 (2d Cir. 1995)).

Second, after determining that the documents are judicial documents and that the "common law presumption of access attaches," the court must "determine the weight of that presumption." *Lugosch*, 435 F.3d at 119. "'[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.'" *Id.* (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

Third, the court must balance any "'competing considerations'" against the weight of the presumption of access. *Lugosch*, 435 F.3d at 120 (quoting *Amodeo II*, 71 F.3d at 1050). "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id.* (quoting *Amodeo II*, 71 F.3d at 1050); *accord Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 143 (2d Cir. 2016). When weighing privacy interests, courts should consider "the degree to which the subject matter is traditionally considered private rather than public." *Amodeo II*, 71

6

F.3d at 1051. Courts should also assess the "nature and degree of injury," paying heed to "the sensitivity of the information and the subject" but also to "how the person seeking access intends to use the information." *Id.* at 1051 (explaining that "[c]ommercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts").

### 2. First Amendment Right of Access

The First Amendment right of access stems from the qualified right of the public and the press "'to attend judicial proceedings and to access certain judicial documents.'" *Lugosch*, 435 F.3d at 120 (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). Once a court concludes that there is a qualified First Amendment right of access to the judicial documents at issue, it may only seal the documents "'if specific, on the record findings are made demonstrating the closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). "'Broad and general findings by the trial court ... are not sufficient to justify closure.'" *Id.* (quoting *In re N.Y. Times Co.*, 828 F.2d at 116). Examples of "higher values" may include law enforcement interests, the privacy of innocent third parties, *Amodeo II*, 71 F.3d at 1050, and the attorney-client privilege, *Lugosch*, 435 F.3d at 125.

**B.   Application**

In the present matter, Plaintiff requests that the Court seal the complaint "and all further papers in this action." Dkt. No. 2 at 1. Plaintiff notes that "[t]he underlying facts that were the basis for the discipline involve custody issues of children, proceedings in New York State Family Court, and HIPAA protected medical information of the parents of the children." Dkt. No. 2 at 1. Further, Plaintiff contends "[a]ttorney disciplinary proceedings are confidential under New York Judiciary Law § 90(10) and 22 NYCRR §§ 1240.18 and 1240.2(b)." *Id.* (emphasis omitted).

7

The complaint in this case is without question a "judicial document" that enjoys a presumption of public access "under both the common law and the First Amendment." *Lugosch*, 435 F.3d at 126. Moreover, since this document will necessarily play a significant role in the Court's determination of Defendants' forthcoming motion to dismiss, the presumption in favor of public access to the document is a strong one. *See Amodeo II*, 71 F.3d at 1049-50. That presumption can, of course, be overcome when "'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." *Lugosch*, 435 F.3d at 124 (quotation omitted).

Plaintiff contends that protecting the confidential nature of attorney discipline proceedings, confidential information relating to the minor children, and privileged health information of the parents warrant permitting this matter to proceed under seal. *See* Dkt. No. 2 at 2. The Court would generally agree that protecting the identities of minor children and confidential health information warrants permitting an application to be filed under seal. Here, however, Plaintiff's complaint only identifies the adults by their first names and last initials, and does not provide the names of the children. Similarly, the names of these individuals are not provided in the Third Department's January 18, 2018 decision. As such, the Court finds that the complaint sufficiently protects their identities from public disclosure. Further, continuing this practice in future filings, as required by the Local Rules, affords these individuals adequate protection and does not overcome the public's right of access to the filings in this matter.

Plaintiff also argues that attorney disciplinary proceedings are confidential under New York Judiciary Law § 90(10). *See* Dkt. No. 2 at 1. Plaintiff is correct that this section of the Judiciary Law provides that all records and documents relating to any complaint against an attorney and subsequent investigation are sealed and deemed private and confidential. *See* N.Y.

8

Jud. Law § 90(10).  That section continues, however, that "in the event that charges are sustained by the justices of the appellate division having jurisdiction in any complaint, investigation or proceeding relating to the conduct or discipline of any attorney, the records and documents in relation thereto shall be deemed public records."  *Id.*  Here, the Third Department sustained the charges against Plaintiff and issued a decision on January 18, 2018 that is available to the public and identifies Plaintiff by name.  *See In re Matthew J. Mann*, 157 A.D.3d 1160 (3d Dep't 2018).  As such, the matters at issue in the instant litigation are already available to the public and the previously confidential nature of attorney disciplinary proceedings does not overcome the public's right of access.

Plaintiff has failed to provide a specific basis for the wholesale sealing of all filings in this matter and has failed to demonstrate that his request is narrowly tailored.  Accordingly, Plaintiff's motion to file this matter under seal is denied.[1]

Finally, the Court notes that Local Rule 5.3(d) provides as follows: "Should an application to seal be denied, the documents sought to be sealed will be treated as withdrawn and will not be considered by the Court.  The documents will be returned to the party advancing the request.  The requesting party shall retain all submitted documents for a period of not less than sixty days after all dates for appellate review have expired."  N.D.N.Y. L.R. 5.3(d).  In his motion, Plaintiff acknowledges this rule and requests that, should the Court deny his request to seal this action, his complaint should not be deemed withdrawn.  *See* Dkt. No. 2 at 2.  In light of Plaintiff's request to continue with this litigation even if his application to seal is denied, the Court orders that his complaint shall not be deemed withdrawn pursuant to Local Rule 5.3(d).

---

[1] Although the Court has denied Plaintiff's request to file this entire action under seal, nothing in this Memorandum-Decision and Order should be read as precluding either side from requesting specific documents to be filed under seal where appropriate.

9

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, Plaintiff's submissions and the applicable law, the Court hereby

**ORDERS** that Plaintiff's motion to seal the complaint and all further papers in this matter (Dkt. No. 2) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall unseal the complaint and attachments thereto; and the Court further

**ORDERS** that the unredacted complaint (Dkt. No. 1-1) shall be the operative pleading in this matter; and the Court further

**ORDERS** that, notwithstanding Local Rule 5.3(d), Plaintiff's complaint shall not be treated as withdrawn and shall be considered by the Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 31, 2021
       Albany, New York

*/s/ Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge