UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MATTHEW J. MANN,

        **Plaintiff,**

vs.                    1:21-CV-49
                          (MAD/CFH)

THE NEW YORK STATE COURT OF APPEALS;
THE STATE OF NEW YORK SUPREME COURT,
APPELLATE DIVISION, THIRD JUDICIAL
DEPARTMENT; and THE ATTORNEY
GRIEVANCE COMMITTEE OF THE SUPREME
COURT, APPELLATE DIVISION, THIRD
JUDICIAL DEPARTMENT,

        **Defendants.**
_____

**APPEARANCES:**               **OF COUNSEL:**

**CABANISS CASEY LLP**         **DAVID B. CABANISS, ESQ.**
4 Tower Place, Suite 100
Albany, New York 12203
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK**      **JORGE A. RODRIGUEZ, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  Plaintiff, an attorney licensed to practice law in the State of New York, commenced this action on January 15, 2021, seeking "intervention and declaratory judgment of this Court in relation to improper, illegal, and unconstitutional professional discipline imposed upon him by the

Appellate Division Third Judicial Department by Memorandum and Order dated January 18, 2018." Dkt. No. 1 at ¶ 1. Upon commencing this action, Plaintiff submitted an application pursuant to Local Rule 5.3 to seal the complaint and "all further papers in this action." Dkt. No. 2 at 1. In a March 31, 2021 Memorandum-Decision and Order, the Court denied Plaintiff's motion to seal the complaint and all papers in this action. *See* Dkt. No. 12.

Currently before the Court is Defendants' motion to dismiss the complaint in its entirety. *See* Dkt. No. 13.

## II. BACKGROUND

Plaintiff is an attorney who has been duly licensed to practice law in the State of New York since 1994. *See* Dkt. No. 1-1 at ¶¶ 7, 13. The named Defendants are the New York State Court of Appeals, the Appellate Division, Third Department, and the Attorney Grievance Committee of the Third Department. *See id.* at ¶ 8.

According to the complaint, this case "involves the improper discipline of an attorney in violation of state and federal law by the Courts of the State of New York embodied collectively as the named Defendants." *Id.* at ¶ 11. Plaintiff claims that the conduct for which he was disciplined occurred at a time when he was not acting as an attorney to any person and that he did not render legal advice or counsel to any person; rather, "it involved a conversation between friends which occurred only after Plaintiff and the other participants acknowledged in writing that it was not a conversation between individuals and their attorney." *Id.* at ¶ 12.

In the underlying attorney misconduct petition, the petitioner alleged that Plaintiff engaged in a conflict of interest and conduct prejudicial to the administration of justice in violation of Rules 1.7(a)(1) and 8.4(d) of the New York State Rules of Professional Conduct. *See In re Matthew J. Mann*, 157 A.D.3d 1160, 1161 (3d Dep't 2018). The petitioner claimed that Plaintiff

2

improperly prepared and urged the execution of a child custody agreement purporting to settle a dispute between parents and grandparents regarding the care of the parents' minor children. *See id*. All of the parties to the agreement were not only Plaintiff's friends to a greater or lesser extent, but they were also persons that Plaintiff was contemporaneously representing as clients in separate legal matters unrelated to the custody dispute. *See id*. After the grandparents commenced a proceeding in Albany Count Family Court, Plaintiff prepared the custody agreement unsolicited, without any input from the respective parties, and without giving them the opportunity to review the matter in advance of a meeting that he had arranged at his law office for the purpose of presenting the agreement. *See id*. Although Plaintiff inserted a provision into the agreement stating that he was not representing any of the parties with respect to the proposed custody arrangement, the petition of charges asserted that Plaintiff, nevertheless, explained, discussed and provided legal advice at the meeting regarding the custody agreement. *See id*. After the parties were persuaded to execute the agreement notwithstanding the father's initial objection, the dispute between the parties intensified and the grandparents, represented by separate counsel, did not settle the pending Family Court matter as provided in the agreement. *See id*.

Complaints against Plaintiff were thereafter filed by the parents, who asserted that Plaintiff pressured them into executing a one-sided agreement that adversely affected their custody rights, without an adequate explanation of the risks of signing such an agreement, or providing a reasonable opportunity to seek independent counsel. *See In re Mann*, 157 A.D.3d at 1161. Plaintiff denied the allegations and a full hearing was conducted in June 2017, at which Plaintiff was represented by counsel. *See id*. Thereafter, the referee issued a report sustaining the petition of charges and rejecting Plaintiff's claims that he acted only as a disinterested mediator and that the parties to the agreement waived or consented to any conflict of interest. *See id*. at 1161-62.

3

On January 18, 2018, the Appellate Division, Third Department confirmed the referee's report and determined an appropriate disciplinary sanction. *See id.* at 1162. In determining the appropriate sanction, the Third Department considered Plaintiff's submissions in mitigation from colleagues and clients attesting to Plaintiff's good character and further noted the lack of proof that Plaintiff's misconduct stemmed from "any venal intent." *Id.* The Third Department also heard from the petitioner and observed that Plaintiff's "misconduct is aggravated by, among other things, his significant disciplinary history, which includes a two-year stayed suspension upon findings of conversion and escrow account mismanagement, ... which was later terminated upon [Plaintiff's] application, ... and private discipline in the form of two admonitions and a letter of caution." *Id.* Based on the facts presented, the Third Department determined that Plaintiff should be censured and that, within one year of the date of its decision, that Plaintiff must take and pass the Multistate Professional Responsibility Examination and complete six credit hours of continuing legal education in ethics and professionalism. *See id.*

Plaintiff appealed the Third Department's decision to the New York State Court of Appeals. On April 26, 2018, the Court of Appeals dismissed the appeal *sua sponte* upon the ground that no substantial constitutional question was presented. *See In re Mann*, 31 N.Y.3d 1037 (2018). Thereafter, the Court of Appeals denied Plaintiff's motion for reconsideration and his motion for reargument of his motion for leave to appeal. *See In re Mann*, 32 N.Y.3d 948 (2018); *In re Mann*, 32 N.Y.3d 1185 (2019).

In his complaint dated January 15, 2021, Plaintiff brings the following causes of action against Defendants in relation to the January 18, 2018 decision of the Third Department: (1) violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article 1, § 6 of the New York State Constitution; (2)

violation of New York State Judiciary Law § 90(8); (3) declaratory judgment that Rules 1.7 and 8.4 are unconstitutionally vague as applied to Plaintiff; and (4) a declaratory judgment determining that Plaintiff did not violate Rule 8.4(d). *See* Dkt. No. 1-1 at ¶¶ 58-113. Moreover, Plaintiff seeks the following relief: (1) an Order directing that the discipline of Plaintiff as set forth in the Memorandum and Order be struck from the record with publication revoked and/or sealed; or, alternatively, an Order compelling the New York State Court of Appeals to hear Plaintiff's appeal of the Memorandum and Order; or, in the alternative, (2) an Order certifying the questions raised herein to the Court of Appeals for determination; (3) an Order granting declaratory judgment determining that Plaintiff did not violate 22 NYCRR 1200 Rules 1.7(a)(1) and Rule 8.4(d) or any other section of law, rule, or regulation; (4) an Order awarding all costs and disbursements, including but not limited to reasonable attorney's fees, incurred by Plaintiff in defense of the underlying disciplinary proceedings and in prosecution of the within action; and (5) an Order Granting such other and further relief as this Court deems just fair and proper.

In their motion to dismiss, Defendants argue that Plaintiff's complaint must be dismissed because (1) the Court lacks subject-matter jurisdiction over this litigation under the Eleventh Amendment and the *Rooker-Feldman* doctrine and (2) Plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel. *See* Dkt. No. 13-1. In response, Plaintiff contends that Defendants have attempted to improperly cast his claims as simply an effort to relitigate the state court findings. *See* Dkt. No. 15 at 6. Plaintiff clarifies that he is not asking the Court to substitute its judgment for that of the Appellate Division; rather, he contends that he was denied procedural due process and he is challenging the rules applied to his matter as vague and facially invalid. *See id.* Moreover, Plaintiff makes clear that he is only seeking prospective injunctive and declaratory relief to prevent the state's ongoing violation of due process and

5

enforcement of rules that are unconstitutional. *See id.* As such, Plaintiff argues that his claims are not barred by the Eleventh Amendment, the *Rooker-Feldman* doctrine, or the doctrines of *res judicata* and collateral estoppel. *See id.*

### III. DISCUSSION

**A.    Legal Standard**

"A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Dutrow v. New York State Gaming Commission*, No. 13-cv-996, 2014 WL 11370355, *3 (E.D.N.Y. July 29, 2014), *aff'd*, 607 Fed. Appx. 56 (2d Cir. 2015). A motion seeking dismissal under the Eleventh Amendment or the *Rooker-Feldman* doctrine is properly considered under Rule 12(b)(1). *See Long Island Pure Water Ltd. v. Cuomo*, 375 F. Supp. 3d 209, 215 (E.D.N.Y. 2019); *Hylton v. J.P. Morgan Chase Bank, N.A.*, 338 F. Supp. 3d 263, 273 (S.D.N.Y. 2018). A motion seeking dismissal "invoking res judicata and collateral estoppel are properly brought under Rule 12(b)(6)." *Marcelin v. Cortes-Vazquez*, No. 09-cv-4303, 2010 WL 5665037, *2 (E.D.N.Y. Dec. 9, 2010) (citations omitted).

*1. Rule 12(b)(1)*

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit ([*i.e.*,] subject-matter jurisdiction)." *Sinochem Int'l Co., Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (citation omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). When subject matter jurisdiction is challenged, a

6

plaintiff "bear[s] the burden of 'showing by a preponderance of the evidence that subject matter jurisdiction exists.'" *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (quoting *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003)).  "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citing *Makarova*, 201 F.3d at 113).

In reviewing a motion to dismiss under Rule 12(b)(1), the court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).  The court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [ ] may not rely on conclusory or hearsay statements contained in the affidavits." *Id.*  In resolving a Rule 12(b)(1) motion, a court may also "consider 'matters of which judicial notice may be taken.'" *Greenblatt v. Gluck*, No. 03 Civ. 597, 2003 WL 1344953, *1 n.1 (S.D.N.Y. Mar. 19, 2003) (quoting *Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir. 1992)).

### 2. Rule 12(b)(6)

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief.  *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007).  In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor.  *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).  This presumption of truth, however, does not extend to legal conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Although a court's review of a

7

motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed[,]" *id.* at 570.

**B.    Eleventh Amendment**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Supreme Court has long held that the Eleventh Amendment bars

suits against a state by one of its own citizens, unless (1) the state consents to be sued, or (2) Congress validly abrogates the state's immunity." *Ross v. City Univ. of New York*, 211 F. Supp. 3d 518, 525 (E.D.N.Y. 2016) (citing *Coll. Sav. Bank v. Fl. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999)).  But the Supreme Court established a third exception in *Ex parte Young*, 209 U.S. 123 (1908), allowing "prospective injunctive relief ... against individuals being sued in their official capacities in order to correct an ongoing violation of federal law." *JTE Enterprises, Inc. v. Cuomo*, 2 F. Supp. 3d 333, 340 (E.D.N.Y. 2014) (citing *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974)).

In their motion to dismiss, Defendants contend that it is well settled that Section 1983 did not abrogate the states' immunity and New York has not consented to suit in federal court.  *See* Dkt. No. 13-1 at 12-13.  Since all named Defendants are considered arms of the state, Plaintiff's claims must be dismissed.  *See id.*  In response, Plaintiff contends that the *Ex parte Young* exception applies to this matter since he is seeking "to compel a state official to comply with federal law by employing prospective injunctive and declaratory relief." Dkt. No. 15 at 21.

The Court agrees with Defendants that the New York State Court of Appeals, the Appellate Division, Third Department, and the Attorney Grievance Committee of the Third Department are all arms of the state which benefit from Eleventh Amendment immunity.  *See Napolitano v. Saltzman*, 315 Fed. Appx. 351, 351 (2d Cir. 2009) (holding that the district court correctly found that the Eleventh Amendment barred the plaintiff's claims against the Appellate Division, the Grievance Committee, and the individual defendant named in his official capacity as counsel to the Grievance Committee); *Abrahams v. Appellate Div. of Supreme Court*, 474 F. Supp. 2d 550, 556 (S.D.N.Y. 2007), *aff'd*, 311 Fed. Appx. 474 (2d Cir. 2009); *Bloom v. N.Y.S.*

9

*Unified Ct. Sys.*, No. 19-cv-7115, 2020 WL 6118828, *3 (E.D.N.Y. Oct. 16, 2020). Since New York has not consented to be sued, and because Section 1983 did not abrogate New York's Eleventh Amendment immunity, Plaintiff's claims can only proceed if the *Ex parte Young* exception applies.

In his complaint, Plaintiff seeks the following relief:

> a) An order and judgment declaring that with respect to Plaintiff, Defendants did engage in:
>
>> i. Violation of Due Process Clause of 14th Amendment of U.S. Constitution;
>>
>> ii. Violation of Due Process Rights Article 1 § 6 of the NYS Constitution[;]
>>
>> iii. Violation of N.Y.S. Judiciary Law § 90(8).
>
> b) An order and judgment declaring 22 NYCRR 1200 Rule 1.7(a)(1) and 8.4(d) as applied unconstitutional and void for vagueness;
>
> c) An order and judgment declaring that the Memorandum and Order of the Appellate Division is not supported by preponderance of evidence or substantial evidence;
>
> d) An order and judgment declaring that the Appellate Division violated Plaintiff's right to privacy in relation to private discipline in violation of § 90(10) of the N.Y.S. Judiciary Law, 22 NYCRR § 1240.18 and the former 22 NYCRR § 806.4(c)(5);
>
> e) An order and judgment directing that the discipline of Plaintiff be struck of record with publication revoked and/or sealed; or compelling the New York State Court of Appeals to hear Plaintiff's appeal of the Memorandum and Order[.]

Dkt. No. 1-1 at 18-19.

As noted by Defendants, each prayer for relief in Plaintiff's complaint seeks relief from judicial determinations made prior to commencement of this lawsuit. There is no request by

Plaintiff for an order enjoining Defendants from taking any future or prospective action against him. As such, it is clear from the face of the complaint that the *Ex parte Young* exception does not apply.

Additionally, the Supreme Court has made clear that this exception only contemplates action brought against individual defendants in their official capacities, and "has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). In his complaint, Plaintiff has not named any individuals in their official capacities who are responsible for the enforcement of the laws at issue, which further highlights the inapplicability of *Ex parte Young*.

Based on the foregoing, the Court grants Defendants' motion to dismiss.

**C.**     ***Rooker-Feldman* Doctrine**

The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 281 (2005). For the *Rooker-Feldman* doctrine to apply, the defendant must satisfy the following four requirements: "First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced." *Sykes v. Mel S. Harris & Associates LLC*, 780 F.3d 70, 94 (2d Cir. 2015). "While all four requirements must be met in order for *Rooker-Feldman* to act as a jurisdictional bar, [the Second Circuit has] held that the second requirement – that the

11

plaintiff complains of an injury *caused* by a state-court judgment – is the core requirement from which the other *Rooker-Feldman* requirements derive." *Sung Cho v. City of New York*, 910 F.3d 639, 646 (2d Cir. 2018) (emphasis in original).

Here, (1) the Appellate Division rendered Plaintiff a "state-court loser" on January 18, 2018, when it confirmed the referee's report and disciplined Plaintiff; (2) Plaintiff's injuries trace to that discipline; (3) the relief Plaintiff seeks specifically invites this Court to review and reject the decision of the Appellate Division; and (4) the Appellate Division's decision was rendered before Plaintiff commenced this action. Courts have routinely found claims of this nature barred by the *Rooker-Feldman* doctrine. *See Abrahams v. Appellate Div. of Supreme Court*, 311 Fed. Appx. 474, 475 (2d Cir. 2009); *Bloom*, 2020 WL 6118828, at *6; *see also Sowell v. Tinley Renehan & Dost, LLP*, 807 Fed. Appx. 115, 119 (2d Cir. 2020) (holding that the plaintiffs' claims, alleging that prior state court rulings interpreting Connecticut's professional conduct rule governing communication with a person represented by counsel denied their rights to free speech, due process, and equal protection, were barred under the *Rooker-Feldman* doctrine, since the claims did not allege any injury traceable to the rule itself, but to state courts' application of rule to the plaintiffs' particular state case).

In his response, Plaintiff attempts to avoid dismissal under the *Rooker-Feldman* doctrine by arguing that "facial challenges to rules and doctrines used in state court determinations is not barred by *Rooker-Feldman*, so long as 'plaintiffs d[o] not seek review of the [rules' and doctrines'] application in a particular case.'" Dkt. No. 15 at 12 (quotation omitted). While Plaintiff is correct regarding facial challenges, nothing in his complaint can reasonably be interpreted as a facial challenge to any particular rule or regulation. As noted above, each prayer for relief makes specific reference to the rules and regulations *as applied* to his state-court case and Plaintiff, who

12

is represented by counsel, cannot amend his complaint through his response to raise such a claim. *See* Dkt. No. 1-1 at 18-19; *see also Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (2d Cir. 1995) (looking to the relief requested by the plaintiff in determining whether his claim was barred by the *Rooker-Feldman* doctrine).[1]

As such, the Court finds that Plaintiff's complaint is subject to dismissal on this alternative ground.

**D.     *Res Judicata* and Collateral Estoppel**

*Res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). As the Second Circuit explained in *Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102 (2d Cir. 2015):

> The term *res judicata*, which means essentially that the matter in the controversy has already been adjudicated, encompasses two significantly different doctrines: claim preclusion and issue preclusion. ... Under *claim preclusion*, "a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." ... The doctrine precludes not only litigation of claims raised and adjudicated in a prior litigation between the parties (and their privies), but also of claims that might have been raised in the prior litigation but were not. ... The doctrine of *issue preclusion*, in contrast, "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim."

---

[1] Even assuming that Plaintiff is attempting a facial challenge to Rules 1.7(a)(1) and 8.4(d), his complaint fails to allege any facts that he is or will be subject to the application of these Rules. Because Plaintiff fails to allege any facts demonstrating an injury in fact that is "actual or imminent," *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), or "clearly impending," *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990), he lacks standing to bring these claims. *See Sowell*, 807 Fed. Appx. at 120 (holding that the plaintiff attorney lacked standing for a facial challenge to the state's rules of conduct where he failed to allege facts that he was or imminently would be subject to the application of the rules at issue).

*Marcel*, 779 F.3d at 107-08 (internal citations and quotations omitted).

*Res judicata* applies where "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. New York City Dept. of Corrections*, 214 F.3d 275, 285 (2d Cir. 2000) (citation omitted).

In the present matter, even assuming Plaintiff's claims were not subject to dismissal for lack of subject matter jurisdiction, dismissal would still be warranted. In response to Defendants' motion, Plaintiff contends that *res judicata* is inapplicable because "[t]he federal remedy under Section 1983 'is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked.'" Dkt. No. 15 at 22-23 (quoting *Monroe v. Pape*, 365 U.S. 167, 183 (1961)). Moreover, Plaintiff contends that simply because his constitutional claims might have been raised before the state court does not prevent him from doing so in the present matter. *See id.* at 23.

Initially, the Court notes that the case relied on by Plaintiff, *Monroe v. Pape*, does not support his position. Rather, that case merely provides that an individual does not have to first look to state law before seeking relief under Section 1983, a proposition which is not in dispute. The issue here, however, is the fact that Plaintiff could have raised his constitutional arguments before the Appellate Division and failed to do so. Plaintiff had a full and fair opportunity to litigate the issues raised in this case during the pendency of the state court proceedings, yet failed to do so. As such, Plaintiff's claims would be subject to dismissal on this alternative ground. *See Sassower v. Mangano*, 927 F. Supp. 113, 120 (S.D.N.Y. 1996) (holding that the plaintiff attorney's claims challenging his suspension from the practice of law by the Second Department were subject to dismissal under the doctrine of *res judicata*).

Accordingly, the Court finds that, assuming the Court had subject matter jurisdiction over Plaintiff's claims, they would be subject to dismissal on this alternative ground.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, the Court hereby

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 13) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 29, 2021
       Albany, New York

*/s/ Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge